O 243 (Rev. 2/95)

**MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| United States District Court | District | DISTRIC OF MASSACHUSETTS |
|---|---|---|
| Name of Movant: YANCE CALHOUN | Prisoner No. 19431-038 | Case No. 93-10020 |
| Place of Confinement: FCI THREE RIVERS | | |

05 10358 RWZ

UNITED STATES OF AMERICA   v.   YANCE CALHOUN
(name under which convicted)

# MOTION

1. Name and location of court which entered the judgment of conviction under attack

   U.S. DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS
   BOSTON, MASSACHUSETTS 02210     1 COURTHOUSE WAY

2. Date of judgment of conviction
   MARCH 22, 1994

3. Length of sentence
   188 months

4. Nature of offense involved (all counts)
   SEE STATEMENT OF FACTS IN MEMORANDUM

5. What was your plea? (Check one)
   (a) Not guilty ☐    GUILTY
   (b) Guilty ☐
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐    N/A
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐   No ☐   NO

8. Did you appeal from the judgment of conviction?
   Yes ☐   No ☐   NO

(2)

9. If you did appeal, answer the following:
   N/A
   (a) Name of court

   (b) Result

   (c) Date of result

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?
    Yes ☐   No ☐   YES

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court U.S. DISTRICT COURT OF MASSACHUSETTS

    (2) Nature of proceeding   MOTION TO PURSUANT OT RULES OF FED. CRIM. PROC. 35(a)

    (3) Grounds raised unconstitutionally used priors

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐   No ☐   NO

    (5) Result DENIED

    (6) Date of result JULY 7, 1998

    (b) As to any second petition, application or motion give the same information:

    (1) Name of court   N/A

    (2) Name of proceeding   N/A

    (3) Grounds raised   N/A

(3)

AO 243   (Rev. 2/95)

   (4) Did you receive an evidentiary hearing on your petition, application or motion?
      Yes ☐   No ☐   NO

   (5) Result   N/A

   (6) Date of result   N/A

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?   N/A
   (1) First petition, etc.   Yes ☐   No ☐
   (2) Second petition, etc.   Yes ☐   No ☐

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

   N/A

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

<u>CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.</u>

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.
Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of these grounds.
(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: THE APPELLANT SIXTH AMENDMENT RIGHT WAS VIOLATED BECAUSE OF AN ENHANCEMENT GIVEN UNDER §2D1.1(b)(1)

Supporting FACTS (state *briefly* without citing cases or law): THE SUPREM COURT HELD IN BLAKELY THAT THESE ENHANCEMENT ARE UNCONSTITUTIONAL

B. Ground two: N/A

Supporting FACTS (state *briefly* without citing cases or law):

C. Ground three: N/A

Supporting FACTS (state *briefly* without citing cases or law):

(5)

D. Ground four: N/A

Supporting FACTS (state *briefly* without citing cases or law):

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them:

    N/A

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
    Yes ☐   No ☐   NO

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein: JULIANE BALLIRO   THREE ARLINGTON STREET BOSTON, MASS   02116

    (a) At preliminary hearing

    (b) At arraignment and plea  same

    (c) At trial  same

    (d) At sentencing
            same

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Yance Calhoun )
    Appellant )
)
v )  CASE NO. 93-10020
)
Unite[] States of America )
    Appelle )

MEMORANDUM IN SUPPORT OF MOTION TO VACATE SET ASIDE
OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255(3)
CITING NEWLY RECOGNIZED RIGHT

Comes now the Appellant Yance Calhorn, pro se, and unskilled in the area of law request this Honorable Court to remove the 2 level enhancement imposed in the instant case for the reasons stated within this memorandum and its applicable caselaw.

## JURISDICTION

This Court has the jurisdiction to entertain this motion pursuant to 28 U.S.C. § 2255(3).

## STATEMENT OF FACTS

On January 27, 1993 a federal grand jury sitting by designation in Boston Massachusetts returned a 35 count indictment charging the Appellant in 25 counts. At that time the Appellant was in state custody and on February 5, 1993 the Appellant was brought into federal court on a writ of habeas corpus. On February 10, 1993 a federal grand jury sitting by designation in Boston Massachusetts returned a 38 count superseding indictment charging the Appellant in 26 counts.

On February 12, 1993 the Appellant was arraigned on counts 1 through 26 of the superseding indictment. On June 23, 1993 a federal grand jury returned a 38 count second superseding indictment charging the Appellant in the following counts.

- **Count 1:** Continuing Criminal Enterprize in violation of **21 U.S.C. § 848**
- **Count 2:** Conspiracy to distribute cocaine and cocaine base in vioaltion of **21 U.S.C. § 846**
- **Count 3:** Distribution of cocaine in violation of **21 U.S.C. § 841(a)(1)**
- **Count 4:** Possession of cocaine with intent to distribute in violation of **21 U.S.C. § 841(a)(1)**
- **Count 5:** Carrying and using a firearm during and in relations to a drug trafficking crime in violation of **18 U.S.C. § 924(C)(1)**

2

Count 6: Distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1)

Count 7: Distribution of cocaine base in violation of 21 U.S.C. § 841 (a)(1)

Count 8: Distribution of cocaine base in violation of 21 U.S.C. § 841 (a)(1)

Count 9: Distribution of cocaine in violation of 21 U.S.C. § 841 (a)(1)

Count 10: Possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841 (a)(1)

Count 11: Distribution of cocaine in violation of 21 U.S.C. § 841(a)(1)

Count 12: Attempt to distribute heroin in violation of 21 U.S.C. § 846

Count 13: Attempt to distribute heroin in violation of 21 U.S.C. § 846

Count 14: Distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1)

Count 15: Possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1)

Count 16: Carrying and using a firearm during and in relation to a drug trafficking crime in violation of 21 U.S.C § 841(a)(1)

Count 17: Distribution of cocaine base on violation of 21 U.S.C. § 841(a)(1)

Count 18-29: Unlawful use of a communication facility in violation of **21 U.S.C. § 843(b)**

On June 30. 1993 the Appellant was arraigned in counts 1-29 of the second superseding indictment. On December 3, 1993 the Appellant appeared before U.S. District Court Judge Rya W. Zobel and **plead guilty to counts 2,3,4,6,7-15 and 17-29** of the second superseding indictment. On March 22, 1994 sentencing was held and the Appellant was sentenced to a total of 188 months for multiple concurrent sentences.

No direct appeal was taken in this case and the Appellant did not file a motion pursuant to **28 U.S.C. § 2255.** The Appellant did file a motion for resentencing pursuant to **Fed. R. Crim. P. Rule 35(a)** on April 8, 1998 and on July 7, 1998 the motion was denied. The Appellant now brings the instant motion pursuant to **28 U.S.C. § 2255(3) based on a Newly Recognized Right.**

4

## THE APPELLANTS MOTION IS TIMELY SUBMITTED
## PURSUANT TO 28 U.S.C. § 2255(3)

The Appellant moves the Court in this motion pursuant to 28 U.S.C.§ 2255(3) which provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -
>
> (3) the date on which the right was intially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactive to cases on collateral review.

The Appellants motion is timely submitted because the Supreme Court decision that the Appellant relys on was decided within one - year from the filing of the instant motion. **Blakely V Washington 159 Led 2d ( June 24, 2004 )** and **section 2255(3)** does not require an explicit statement from the Supreme Court that the Newly Recognized Right is made retroactive on collateral review.

In Blakely the Supreme Court interpreted that certain sentencing factors are to be treated as elements of a criminal offense. The jurist of reason in the Ninth Circuit Court of Appeals have held that **( new decision adding an essential element to a criminal offense is fully retroactive in a § 2255 proceeding ). UNITED STATES V MC CLELLAND 941 F2d 999, 1001 ( 9th cir. 1991 ).**

Even more revealing is the Supreme Court has excepted certorari in a case that will give this Court guidance on Newly Recognized Right and the one- year limitation period under **28 U.S.C. § 2255(3). SEE DODD V UNITED STATES 04-5286** review granted on November 29, 2004. This Court should find the Appellants motion timely.

5

ISSUE

THE APPELLANTS SIXTH AMENDMENT RIGHT TO A JURY DETERMINATION WAS VIOLATED WHEN THE APPELLANTS SENTENCE WAS ENHANCED UNDER 2D1.1(b)(1) BY A JUDGE INSTEAD OF A JURY!

ARGUMENT

The legislaturers have developed a standard of essential proof of elements of a crime for courts and prosecutors to prove in a courtroom to obtain a criminal conviction. Federal Laws has redefined the reach of what an element of a crime truely is. Attached to these elements of a crime are constitutional guarantees imbeaded in the United States Constitution.

In federal prosecutions, no person shall be held to answer for a capital, or otherwise infamous crime unless on a presentment or indictment of a grand jury alleging all the elements of the crime. **UNITED STATES CONSTITUTION AMENDMENT V. See also UNITED STATES V HAMLING 41 Led 2d 590 ( 1974 ).**

On June 24, 2004 the United States Supreme Court handed down it's decision in **Blakely V Washington 124 S.CT. 2531 ( 2004 ).** The Blakely Court held that the trail court in that case had violated the defendants " federal constitutional right to have a jury determine beyond a reasonable doubt all facts legally essential to his sentence "

When the trial court sentenced the defendant to a sentence in excess of the statutory maximum for the crime admitted to by the defendant in his guilty plea. **SEE BLAKELY 124 S.CT. 2531 at 2536.**

The Supreme Court, citing **Apprendi V New Jersey 530 U.S. 466** and it's line of cases held that the trial court had violated the defendants right to trial by jury as contained within the Sixth Amendment Id at 2536. The Court held that the Sixth Amendment and the Due Process Clause require that each and every fact relied upon by a trial court to increase a defendants sentence must be found beyond a reasonable doubt. See **Ring V Arizona 536 U.S. 584,602 ( 2002 )** ( holding " a defendant... **may not be exposed to a penalty exceeding the maximum he would receive if punished according to the facts reflected in the jury verdict  alone** " . Apprendi vs New Jersey 530 U.S. 466, 477 ( 2000 ) ( stating that the Sixth Amendment entitles " **a criminal defendant to a jury determination that he is guilty of every element of the crime with which he is charged beyond a reasonable doubt or admitted to by the defendant during a plea proceeding** " Blakely at 2537.

The Blakely Court, thus held that the trails court sentence of the defendant was in error and remanded the case back to the trail court for further proceedings.

Based on the holdings in Apprendi and Ring as clarified in Blakely, the Appellant in the instant case is entitled to have his sentence reduced. The rule of Blakley was violated in the instant case when the Appellants sentence was enhanced under **United States Sentencing Guideline § 2D1.1(b)(1)** as a result of his alleged possession of a dangerous weapon. SEE Paragraph 95 of the Presentence Investigation Report.

The Appellant pled guilty to 26 counts of a 38 count indictment and the sentences were ran concurrent. The Appellants base offense level for the drug amounts involved in the counts was determined by **U.S.S.G. §2D1.1.** the Appellant was held responsible for 20,113 kilos as determined by he marijuana equivalency table. This established a base offense level of 36 criminal history category 4.

At sentencing however the Honorable Judge Rya W. Zobel determined that criminal history category 4 overrepresents the Appellants history as criminal and sentenced him under category 2. SEE statement of reasons by Judge Zobel. The Honorable Judge Zobel then found **additional facts** that weren't determined by a jury under special offense characteristics §2D1.1(b)(1) and raised the Appellants base offense level by 2 points to base offense level 38. Considering the Appellant met the criteria for a 3 point reduction for acceptance of responsiblity his base offense level was reduced from base offnese level 38 to level 35 criminal history category 2 for a sentencing range of 188 to 235 months in prison.

The Honorable Judge Rya W. Zobel sentenced the Appellant to the low end of the range stating that the sentence range is to severe as it stands. SEE statement of reasons.

Without the illegal 2 point enhancement that wasn't determined by a jury the Appellants " **statutory maximum** " would be determined by base offense level 36 minus 3 points for acceptance of responsibility criminal history category 2 for a " **statutory maximum** " sentencing range of 151 to 188 months in prison.

The Appellants minimum sentencing range was enhanced 37 months based on a fact that was not determined by a jury. The Supreme Court held that " a defendant.... **may not be exposed to a penalty exceeding the maximum he would receive if punished according to the facts reflected in the jury verdict alone** " Ring V Arizona 536 U.S. 584, 602 ( 2002 ).

The jury verdict in the instant case did not reflect an increase for alleged possession of a dangerous weapon. The Blakely Court held that a criminal defendant is entitled to a jury determination that " **he is guilty of every element of the crime with which he is charged beyond a reasonable doubt or admitted to by the defendant during a plea proceeding** " Blakely V Washington 124 S.CT. Id..at 2537. The Appellant neither possessed nor admitted to a gun and therefore the 2 level increase as a result of additional findings must be removed.

9

(e) On appeal  N/A

(f) In any post-conviction proceeding

PRO SE

(g) On appeal from any adverse ruling in a post-conviction proceeding

PRO SE

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐  No ☐  YES

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐  No ☐  NO

(a) If so, give name and location of court which imposed sentence to be served in the future:

N/A

(b) Give date and length of the above sentence:

N?A

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐  No ☐  N/A

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

2-21-05
Date

_Jarvce Calhoun_
Signature of Movant

(7)

**PRAYER**

Therefore in the interest of justice the Appellant pray that this Honorable Court will remove the two level increase under §2D1.1 and resentence the Appellant to the **low end** of his guideline range without the enhancement.

RESPECTFULLY SUBMITTED

_____
Yance Calhoun

## CERTIFICATE OF SERVICE

I Yance Calhoun hereby declare under the penalty of perjury that I forwarded a copy of the foregoing motion to the United States Attorney S. Newhouse this 13th day of January 2005 to the address listed below for the purpose of service pursuant to **28 U.S.C. § 1746**.

UNITED STATES ATTORNEY
S. NEWHOUSE
1 COURTHOUSE WAY   SUITE 9200
BOSTON, MASSACHUSETTS   02210


DISTRICT CLERK TONY ANASTAS
1 COURTHOUSE WAY
BOSTON, MASSACHUSETTS   02210



RESPECTFULLY SUBMITTED

*/s/ Yance Calhoun*
Yance Calhoun

11