IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

YANCE CALHOUN,
    Petitioner          :
                             :      CIVIL ACTION NO.
    v.                      :
                             :      05-10358-RWZ
UNITED STATES OF AMERICA,    :
    Respondent

<u>GOVERNMENT'S RESPONSE TO PETITIONER'S § 2255 MOTION</u>

    Comes now the United States of America, by Michael J. Sullivan, United States Attorney, and Theodore B. Heinrich, Assistant United States Attorney for the District of Massachusetts, and files this response as follows:

    On February 12, 1993 a federal grand jury returned an indictment naming petitioner Yance Calhoun ("petitioner") in 26 counts, including Continuing Criminal Enterprise, Conspiracy to Distribute Cocaine Base, Distribution of Cocaine Base and Heroin, Using and Carrying Firearms in Relation to Drug Trafficking. Petitioner pled guilty to 22 of the drug counts against him on December 3, 1993 and on March 22, 1994 was sentenced to a term of imprisonment of 188 months (15 years, 8 months). Petitioner did not appeal.

    On April 8, 1998, the petitioner filed a motion for re-sentencing pursuant to Fed. R. Crim. P. 35(a). The Court denied the motion on July 7, 1998.

Petitioner now moves for relief pursuant to 28 U.S.C. § 2255(3), which permits prisoners to seek habeas relief within one year of the date on which a right was initially recognized by the Supreme Court, if that right has newly recognized by the Supreme Court and made retroactive to cases on collateral review.

Petitioner relies on Blakely v. Washington, 124 S.Ct. 2531 (2004). He argues that Blakely should be applied retroactively. Subsequent to the petitioner's filing, the Supreme Court decided United States v. Booker, 125 S.Ct. 738 (Jan. 12, 2005), holding that the principles enunciated in Blakely applied to the United States Sentencing Guidelines ("guidelines") making their mandatory enforcement unconstitutional, because the guidelines do not comply with Sixth Amendment requirements. The Court stated, "[a]ccordingly, we reaffirm our holding in Apprendi: Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 125 S.Ct. at 756.

The Court, however, preserved the guideline sentencing scheme by severing those provisions of the Sentencing Reform Act that made the guidelines mandatory, and consequently, the guidelines are now "effectively advisory," Booker, 125 S.Ct. at 757, and the standard of appellate review is no longer *de novo* but reasonableness. As

modified, the Act now "requires a sentencing court to consider Guidelines ranges, see 18 U.S.C.A. § 3553(a)(4) (Supp.2004), but it permits the court to tailor the sentence in light of other statutory concerns as well, see 3553(a) (Supp. 2004)." Id.

The Supreme Court in both Blakely and Booker held that Sixth Amendment rights are not implicated when a judge sentences based on facts admitted by the defendant. Booker, 125 S.Ct. at 755; Blakely, 124 S.Ct. at 2537. In his memorandum, petitioner argues that but for the alleged Blakely error, his guideline range would have been 151-188 months, instead of 188-235 months. The Court sentenced petitioner to 188 months. Thus, even accepting the argument of petitioner, he agrees that the Court *could* have sentenced him to 188 months based only on the facts he agreed to in his plea agreement. In short, the petitioner's sentence did not exceed the maximum authorized by the facts established through the defendant's admission or plea of guilty and, therefore, did not violate any Sixth Amendment right.

Even assuming the petitioner had an arguable claim for a Sixth Amendment violation, his motion would be without merit because the courts have rejected all attempts to apply retroactively in § 2255 proceedings the constitutional rights first recognized in Apprendi v. New Jersey, 530 U.S. 466 (2000) and subsequently extended in both Blakely and Booker. Federal habeas corpus petitioners generally may not rely on new rules of criminal procedure handed

3

down after their convictions have become final on direct appeal. Humphress v. United States, 398 F.3d 855, 860 (6th Cir. 2005)

Every appellate court to have considered the question, including the 2nd, 6th, 7th, 10th, and 11th Circuits, has found that the rules announced in Apprendi, Blakely, and Booker do not apply retroactively on collateral review. United States v. Leonard, 383 F.3d 1146, 1148 (10th Cir. 2005) (Blakely and Booker are new rules of criminal procedure that apply "retroactively only to cases pending on direct review or cases that are not yet final."); United States v. Price, 400 F.3d 844 (10th Cir. 2005)("Blakely does not apply retroactively to initial § 2255 motions"); Varela v. United States, 400 F.3d 864 (11th Cir. 2005) ("Booker' s constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review."); McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005) (Booker will not be applied retroactively to cases in which the conviction and sentences became final prior to Booker being issued); Green v. United States, 397 F.3d 101 (2nd Cir. 2005) (neither Booker nor Blakely apply retroactively to a second or successive § 2255 proceeding); Humphress v. United States, 398 F.3d 855 (6th Cir. 2005).  Indeed, the Supreme Court itself in Booker expressly noted that its holding applied to "all cases on direct review." 125 S.Ct. at 769.

Calhoun's conviction became final long ago. Absent retroactive effect, Apprendi, Blakely, and Booker do not apply his § 2255 petition. On this basis, the petition must be denied.

Moreover, petitioner must show both "cause" for his failure to raise the issue before the trial court and on direct appeal, and "actual prejudice" resulting from the Booker error. See Bousley v. United States, 523 U.S. 614, 622 (1998); United States v. Frady, 456 U.S. 152 (1982).

As to "cause," even though prior to Blakely, every court of appeals had rejected challenges to the Sentencing Guidelines under Apprendi, see Blakely, 124 S. Ct. at 2547 n.1 (O'Connor, J., dissenting) (citing cases), "the futility of presenting an objection * * * cannot alone constitute cause for a failure to object at trial." Engle v. Isaac, 456 U.S. 107, 130 (1982); see Bousley v. United States, 523 U.S. 614, 623 (1998).

As to prejudice, petitioner must show "actual prejudice," i.e., that the error "worked to his actual and substantial disadvantage." Frady, 456 U.S. at 170. This demanding standard requires petitioner to carry a burden "significantly higher" than he would be required to satisfy on direct review under the plain-error standard. Id. at 167. United States v. Antonakopoulos, No. 03-1384, 2005 WL 407365, at *4 (1st Cir. Feb. 22, 2005) (defendant on direct appeal who did not preserve Booker claim must show (1) an error (2) that is plain, and it (3) affects substantial

rights and (4) seriously impairs the fairness, integrity, or public reputation of judicial proceedings). Petitioner does not meet this higher standard as his sentence was within the guideline range he claims should have applied to him.

In conclusion, the court imposed the sentence here without violating the defendant's Sixth Amendment rights. Even assuming a Sixth Amendment violation, the defendant did not appeal his conviction or sentence, and his case was "final" prior to the Supreme Court's decisions in <u>Blakely</u> and <u>Booker</u>. The rights established in <u>Booker</u> and <u>Blakely</u> rules are not retroactively applicable to cases on collateral review. Thus, the defendant does not advance any grounds entitling him to relief on his untimely § 2255 motion.

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        UNITED STATES ATTORNEY

        /s/ Theodore B. Heinrich

        THEODORE B. HEINRICH
        ASSISTANT UNITED STATES ATTORNEY

CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

>Yance Calhoun, Prisoner No. 19431-038
>FCI Three Rivers
>P.O. Box 4200
>Three Rivers, TX 78071

This 5th day of April, 2005.

>/s/ Theodore B. Heinrich
>THEODORE B. HEINRICH
>ASSISTANT UNITED STATES ATTORNEY